JS-6

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 17 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

David S. Markun (SBN 108067)
dmarkun@mzclaw.com
MARKUN ZUSMAN & COMPTON LLP
17383 West Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272
Tel: (310) 454-5900
Fax: (310) 454-5970

Edward S. Zusman (SBN 154366)
ezusman@mzclaw.com
Kevin K. Eng (SBN 209036)
keng@mzclaw.com
MARKUN ZUSMAN & COMPTON LLP
465 California Street, 5th Floor
San Francisco, CA 94104
Tel: (415) 438-4515
Fax: (415) 434-4505

Attorneys for Plaintiff Pamela Phillips

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA PHILLIPS, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITED HOME LENDERS HOLDING COMPANY, and ACCREDITED HOME LENDERS, INC. d/b/a HOME FUNDS DIRECT,<br><br>Defendants. | Case No.: SACV 06-0057 CJC (RNBx)<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

///
///
///
///
///
///
///

1

The Settlement Agreement dated January 22, 2008 (the "Settlement Agreement") between the Class Representative and Defendants Accredited Home Lenders Holding Company and Accredited Home Lenders, Inc. d/b/a Home Funds Direct ("Accredited") provides for the Settlement of this lawsuit on behalf of the Class Representative and the Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated May 7, 2008 ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Accredited denies any wrongdoing, fault, violation of law, or liability for damages of any sort. Accredited objected, and continues to object, to the certification of any class and has agreed to the certification of this class for settlement purposes only.

A Fairness Hearing was held before this Court on July 14, 2008, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable, and adequate, whether the Plaintiff and her counsel adequately represent the class and its members, and whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Court finds that the Settlement Agreement is the product of good faith arms' length negotiations by the Parties, each of whom was represented by experienced counsel.

3.     This Court, having previously certified the class in this case and determined that the Plaintiff and her counsel adequately represent the class and its members, approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interest of the Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

4.     The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Class Members. The relief negotiated by the Parties includes a payment of $10.00, which given the state of the law concerning the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and Accredited's financial circumstances represents a fair, reasonable and appropriate settlement.

5.     Any and all objections to the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and expenses, including any objections to the adequacy of the Plaintiff's or her counsel's representation of the class and its members, have been considered and are hereby found to be without merit and are overruled.

6.     This entire Action is dismissed with prejudice, and without costs or fees to any party except as provided in Paragraph 8 herein.

7.     (a) All Released Claims of Plaintiff Pamela Phillips, each Class Member and each other Releasing Party against each Released Party is hereby released and forever discharged. Plaintiff Pamela Phillips, each Class Member and each other Releasing Party is hereby enjoined and restrained from filing or prosecuting any Released Claim against any Released Party in arbitration or in any court.

(b) For purposes of this judgment, the term Class Member means and

1  includes all individuals residing in the United States to whom defendant Accredited
2  Home Lenders Holding Company or defendant Accredited Home Loans, Inc. d/b/a
3  Home Funds Direct mailed their 1001 Mailer or their 1159 Mailer, except for those
4  persons listed on Exhibit A to this judgment, who are excluded from the class.
5  Copies of the 1001 Mailer and 1159 Mailer are attached as Exhibits B and C to this
6  judgment.
7          (c)  For purposes of this paragraph 7, "other Releasing Party" means
8  and includes each spouse, executor, representative, heir, successor, bankruptcy
9  trustee, guardian, ward, joint tenant, tenant in common, tenant by the entirety, co-
10 borrower, agent and assign of Plaintiff Pamela Phillips and of each Class Member,
11 as well as all those who claim through Plaintiff Pamela Phillips and or a Class
12 Member or who assert claims on their behalf.
13         (d)  For purposes of this paragraph 7, "Released Claims" means and
14 includes every claim, right, demand, charge, complaint, action, cause of action,
15 obligation, or liability of any and every kind, including, without limitation, those
16 based on the FCRA, or any other federal, state, or local law, statute, regulation, or
17 common law, including all claims for monetary, equitable, declaratory, injunctive,
18 or any other form of relief, whether known or unknown, suspected or unsuspected,
19 under the law of any jurisdiction, which Plaintiff Pamela Phillips, any Class
20 Member or any other Releasing Party ever had, now has, or may have in the future
21 resulting from, arising out of or in any way, directly or indirectly, connected with
22 (i) any act, omission, event, incident, matter, dispute, or injury that may have
23 occurred or arisen prior to January 22, 2008 [date of Settlement Agreement] in
24 connection with any mortgage solicitation involving Accredited; (ii) any acts or
25 omissions that were raised or could have been raised in this action; (iii) any event,
26 matter, dispute or thing that in whole or in part, directly or indirectly, relates to or
27 arises out of said events specified in (i) or (ii) above; and (iv) any act or omission
28

authorized or required by the settlement agreement in this action.

(e) For purposes of this paragraph 7, "Released Party" means and includes Accredited Home Lenders Holding Company, Accredited Home Loans, Inc. d/b/a Home Funds Direct, and each of their parents, subsidiaries, affiliates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, agents, employees, representatives, consultants, accountants, and attorneys.

8. The Class Representative's and Class Counsel's request for approval of attorneys' fees and costs in the amount of $260,000 is approved from which class representative shall receive a $5,000 incentive payment.

9. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

10. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

11. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and thereby is, entered as a final and appealable order.

IT IS SO ORDERED.

Dated: July 14, 2008

HONORABLE CORMAC J. CARNEY
UNITED SATES DISTRICT JUDGE